UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy T. Kinard, #304285,<br><br>　　　　　　　Petitioner,<br>vs.<br><br>Joseph Battle, Administrator, Abbeville County Detention Center,<br><br>　　　　　　　Respondent. | Civil Action No.: 5:14-4391-BHH<br><br>**Opinion and Order** |

Petitioner, Timothy T. Kinard, ("Petitioner"), proceeding *pro se,* filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), D.S.C., the action was referred to United States Magistrate Judge Kaymani D. West, for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge West recommends that Respondent's Motion for Summary Judgment be granted and Petitioner's § 2254 petition be dismissed. (ECF No. 40.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## BACKGROUND

Petitioner filed this action against Respondent alleging ineffective assistance of counsel. On January 28, 2016, the Magistrate Judge issued a Report; and on March 8, 2016, Petitioner filed his Objections. (ECF No. 50.) Having carefully reviewed the record, the Court finds that the Magistrate Judge has accurately and adequately summarized the disputed and undisputed facts relevant to this action. The Court has

1

reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.[1]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In reviewing these pleadings, the Court is mindful of the petitioner's *pro se* status. When dealing with a pro se litigant, the Court is charged with liberal construction of the pleadings. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a petitioner's clear failure to allege facts that set forth a cognizable claim, or that the

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

2

Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## DISCUSSION

Affording Petitioner the requisite liberal construction of his filings, the Court found that certain portions of Petitioner's objections invoked *de novo* review, which the Court has conducted accordingly. The Magistrate Judge first found that Ground One failed on the merits and the Court agrees. Ground One alleges that trial counsel was ineffective for failing to object to erroneous jury instructions. (ECF No. 1 at 5.) This Ground also alleges that the South Carolina Court of Appeals erred in holding that the trial court "properly charged the jury regarding malice aforethought [and was] without error." (ECF No. 1-1 at 5.) In her exceptionally thorough thirty-eight page Report, the Magistrate Judge engaged in a thoughtful and comprehensive analysis of this claim. She correctly found that the ruling of the state court was reasonable and that Petitioner failed to carry his burden of establishing counsel was ineffective as required by *Strickland v. Washington*, 466 U.S. 886 (1984), and its progeny. (ECF No. 40 at 20–26.) She further found that Petitioner's allegation concerning the trial court's application of criminal law did not warrant habeas relief. As she correctly stated, "[i]t is not the province of this court to re-examine state law determinations on state-law questions." (*Id.* at 21); *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *see also Chance v. Garrison*, 537 F.2d 1212, 1215 (4th Cir. 1976) ("Normally, instructions to the jury in state trials are purely matters of state law and procedure and it is only in

3

circumstances where the instructions impugn fundamental fairness or infringe upon specific constitutional protections that a federal question is presented.").

Petitioner objects here that "the state collateral court unreasonably applied *Strickland*" and indicates that the Magistrate Judge's analysis of *Strickland* was flawed as well.[2] (ECF No. 50 at 5–18.) He argues that the PCR court and the Magistrate Judge erred by failing to apply *State v. Belcher*, 685 S.E.2d 802 (S.C. 2009), retroactively, citing *Teague v. Lane*, 489 U.S. 288 (1989) in support. (*Id.* at 7.) The Magistrate Judge addressed Petitioner's *Belcher* argument extensively, recognizing that *Belcher* did indeed hold that "the 'use of a deadly weapon' implied malice instruction has no place in a murder (or assault and battery with intent to kill) prosecution where evidence is presented that would reduce, mitigate, excuse or justify the killing (or the alleged assault and battery with intent to kill)." 685 S.E.2d at 809. In *Teague*, the United States Supreme Court articulated a framework to determine whether a ruling by the Supreme Court regarding a criminal procedure has retroactive application. 489 U.S. at 301–310. The *Belcher* court plainly stated that its holding would not apply to convictions challenged on post-conviction relief and cited *Teague*. *Belcher*, 685 S.E.2d at 810. Thus, Petitioner's reliance on *Teague* to argue that *Belcher* should apply retroactively is without merit.

Further, the Magistrate Judge explained the PCR court's ruling in detail and correctly found that "Petitioner's trial counsel had no basis on which to object to the trial court's jury instruction on inferred malice because the instruction given was current and

---

[2] Petitioner also objects here that the state court "violated [his] due process" because it impermissibly shifted the burden of proof to the defendant. However, as explained above and by the Magistrate Judge, such a claim is not properly before this Court. *See Estelle*, 502 U.S. at 67–68; *Chance*, 537 F.2d at 1215.

4

valid based on South Carolina precedent at that time." (ECF No. 40 at 25.) Petitioner does not offer any compelling argument as to how the Magistrate Judge's *Strickland* analysis was improper. This objection is therefore overruled.

The Magistrate Judge next found that Ground Two failed on the merits and the Court agrees. Ground Two alleges that "the state collateral court unreasonably applied *Strickland v. Washington*, where trial counsel performance at trial was deficient, in cumulative effect." (ECF No. 1 at 6.) To resolve this claim, the Magistrate Judge referenced her discussion of each of Petitioner's grounds for relief and correctly found that none of the alleged instances of ineffective assistance of counsel "amounted to error." (ECF No. 40 at 27.) She further found that "in nearly all instances, trial counsel had valid strategic reasons for his actions taken during Petitioner's trial." (*Id.*) She therefore properly concluded that "Petitioner cannot aggregate the alleged errors to form a constitutional violation." (*Id.* (citing *Fisher v. Angelone*, 163 F.3d 835, 852–853 (1998), *cert. denied*, 526 U.S. 1035 (1999) (holding that various claims of ineffective assistance of counsel, like claims of trial error, would not entitle petitioner to relief because a cumulative error analysis would apply only to the effect of those matters actually determined to be constitutional error and not the cumulative effect of all matters alleged or deemed deficient)).)

Here, Petitioner objects that the Magistrate Judge erred in dismissing this claim. Citing *Freeman v. State*, 459 S.E.2d 867 (S.C. 1995), he argues that the cumulative effect of trial counsel's error warrants a new trial *de novo*. (ECF No. 50 at 45.) Petitioner misunderstands both the holding in *Freeman* and the Court's task at this stage of habeas review. In *Freeman*, the Supreme Court of South Carolina considered on direct

5

appeal whether the aggregation of the trial judge's alleged errors produced a cumulative effect of prejudice sufficient to warrant a new trial. 459 S.E.2d at 875. *Freeman* in no way affects the Magistrate Judge's analysis—Petitioner has already directly appealed his jury conviction and sentence. Here, the Magistrate Judge and this Court are tasked with reviewing whether the PCR court reasonably applied *Strickland* to Petitioner's case. Petitioner does not offer any compelling argument as to how the Magistrate Judge erred in this respect. This objection is therefore overruled.

The Magistrate Judge next found that Ground Three failed on the merits and the Court agrees. Ground Three alleges that trial counsel was ineffective for failing to call Johnny Toole ("Mr. Toole") as a corroborating witness and for calling a witness, Reginald Davis ("Mr. Davis"), who had prior convictions. (ECF No. 1 at 8.) The Magistrate Judge correctly found that the rulings of the state court were reasonable and that Petitioner failed to carry his burden of establishing counsel was ineffective as required by *Strickland* and its progeny. (ECF No. 40 at 27–33.) Petitioner argues that the Magistrate Judge did not conduct a proper *Strickland* analysis because she did not consider the "totality of the circumstances." (ECF No. 50 at 28–29.) He cites *Elmore v. Ozmint*, 661 F.3d 783 (4th Cir. 2011), in support. (*Id.*) In *Elmore*, the Fourth Circuit Court of Appeals discussed the "totality-of-the-evidence standard" under *Strickland*, explaining that a PCR court must "'consider the totality of the evidence before the . . . jury' [to determine] whether there [is] a reasonable probability that, but for counsel's errors, a different verdict would have been returned." 661 F.3d at 868–70 (quoting *Strickland*, 466 U.S. at 695). The *Elmore* court employed this standard to assess "the prejudicial effect of a failure to investigate mitigation evidence for sentencing." *Id.* at

6

868. It concluded that the state PCR court's adjudication of the petitioner's ineffective assistance claim "was so lacking in justification that there was . . . error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 856. Here, Petitioner argues that the trial counsel's alleged errors in respect to both witnesses damaged his credibility, and that the Magistrate Judge failed to address this "credibility factor" when considering the evidence under *Strickland*. (ECF No. 50 at 28–29.)

Contrary to Petitioner's assertions, both the PCR court and the Magistrate Judge considered all of the evidence available at trial and at the PCR hearing to assess Petitioner's claims under *Strickland*. The PCR court expressly considered the impact of these witnesses on Petitioner's credibility. In reference to trial counsel's failure to call Mr. Toole as a witness, the PCR court stated in part:

> This Court finds Counsel's testimony that he attempted to find Mr. Toole to be credible, while also finding Counsel's testimony that calling Mr. Toole to the stand would have been a risk because at most he could corroborate only a part of the Applicant's story and at worst could damage the Applicant's credibility by telling a different story to be a matter of trial strategy.

(ECF No. 24-1 at 16.) As for trial counsel's decision to offer Mr. Davis as a witness, the PCR stated in part:

> This Court first finds Counsel's testimony that the Applicant wanted Counsel to call his brother to testify to be credible, while simultaneously finding the Applicant's testimony on this issue not to be credible. Next, this Court finds Counsel's testimony that it was a strategic decision to call Mr. Davis to the stand because he was the only person who could corroborate the Applicant's entire version of events to be credible.

(*Id.* at 13.)

The Magistrate Judge further summarized the evidence relevant to these issues and correctly found that the PCR court's legal analysis under *Strickland* was not objectively unreasonable. Specifically, the Magistrate Judge noted that Mr. Toole would have presented cumulative testimony and that he could not testify as to what occurred once Petitioner entered the victim's home. (*Id.* at 29–30.) From this, she concluded that "trial counsel did not err in failing to call Mr. Toole as a witness during Petitioner's criminal trial." (*Id.* at 30.) She further found any alleged error in this respect to be harmless because "there is not a reasonable probability that, but for counsel's alleged error, the result of Petitioner's criminal trial would have been different." (*Id.*) She then concluded that the PCR court's legal analysis under *Strickland* was not objectively unreasonable. (*Id.*)

As for trial counsel's use of Mr. Davis as a witness, the Magistrate Judge noted that "it was part of [trial counsel's] trial strategy to call Mr. Davis to corroborate Petitioner's story and negate the intent to commit the crime." (*Id.* at 32.) The Magistrate Judge then stated, "Where counsel articulates valid reasons for employing a certain strategy, counsel's choice of tactics will not be deemed ineffective assistance." (*Id.* at 32–33 (citing *Hamilton v. Warden, Lieber Corr. Inst.*, No. 5:13-2506, 2015 WL 251243, at *17 (D.S.C. Jan. 20, 2015) (noting that where trial strategy is concerned in an ineffective-assistance-of-counsel claim, the United States Supreme Court has stated, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that,

8

under the circumstances, the challenged action 'might be considered sound trial strategy.'"); *Whitehead v. State*, 417 S.E.2d 530 (S.C. 1992)).)

The Court finds no error in the Magistrate Judge's analysis of this claim and overrules Petitioner's objection.

The Magistrate Judge next found that Ground Four failed on the merits and the Court agrees. Ground Four alleges that trial counsel "failed to object to solicitor's improper comment," specifically, "the solicitor's statement of personal opinion concerning Petitioner's guilt and the solicitor's improper vouching for the credibility of the state's witnesses." (ECF Nos. 1 at 10; 1-2 at 11.) The Magistrate Judge summarized the PCR court's findings on this claim. She noted that under *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974), "the relevant question is whether the prosecutor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process" and cited a Fourth Circuit case, *United States v. Harrison*, 716 F.2d 1050 (4th Cir. 1983) for the factors[3] a district court should consider to determine whether a prosecutor's comments were so damaging as to require reversal. (ECF No. 40 at 33–34.) She correctly found that "Petitioner failed to meet his burden of proving trial counsel should have objected or moved for a mistrial during the Solicitor's closing argument," and that the PCR court's findings on this claim were reasonable. (*Id.* at 34–35.)

Here, Petitioner objects that the Magistrate Judge erred in her analysis of this claim under the *Harrison* factors. (ECF No. 50 at 29–36.) The Magistrate Judge did not expressly articulate her analysis under each *Harrison* factor; rather, she reviewed the

---

[3] The four factors are: "(1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters." *Harrison*, 716 F.2d at 1052.

9

relevant evidence, including the Solicitor's closing argument, and found that it was reasonable for the PCR court to find that trial counsel did not render ineffective assistance in failing to object to the Solicitor's statements. (ECF No. 40 at 33–35.) Petitioner's independent analysis under the *Harrison* factors fails to present a genuine issue of material fact as to this claim—he does not establish that the Solicitor's comments were sufficiently damaging under any of the factors. This objection is therefore overruled.

Finally, the Magistrate Judge found that Ground Five failed on the merits and the Court agrees. Ground Five alleges that trial counsel was ineffective for failing to object to Hubert Bryan's ("Mr. Bryan") testimony that "$2,500.00 was missing from his home after the incident." (ECF No. 1-2 at 22.) Petitioner argues that this was the first mention of any missing money, and, therefore, trial counsel should have asked for a continuance so he could investigate Mr. Bryan's allegation and come up with a proper defense. (*Id.*) To resolve this claim, the Magistrate Judge examined the PCR court's ruling on this issue and the relevant evidence presented at the PCR hearing. (ECF No. 40 at 35–37.) She noted that trial counsel testified at the PCR hearing that a conviction for first-degree burglary could be attained without reference to the $2,500.00. (ECF No. 24-1 at 156.) She also noted trial counsel's testimony that it was part of his trial strategy to ask only a few questions during Mr. Bryan's cross-examination, given that Mr. Bryan was "a very sympathetic victim." (*Id.* at 157.) The Magistrate Judge then found that "Petitioner has failed to demonstrate what an investigation into the missing money would uncover," and, therefore, "has failed to demonstrate any error by trial counsel." (ECF No. 40 at 37.) She further found that Petitioner has failed to demonstrate any resulting prejudice

from the alleged error because "the State would have been able to prove the necessary elements of first-degree burglary without the allegation that $2,500.00 was missing from the victim's residence." (*Id.*) The Magistrate Judge concluded that the PCR court's ruling on this claim was reasonable. (*Id.* at 37–38.)

Here, Petitioner objects to the Magistrate Judge's finding that the allegation of the missing money "was not needed to find [] Petitioner guilty of burglary." (ECF No. 50 at 40–41.) In her analysis of this claim, the Magistrate Judge outlined the elements of first-degree burglary as stated in Section 16-11-311(A) of the South Carolina Code. (ECF No. 40 at 37.) She noted the PCR court's finding that "[T]he State was still able to prove the [Petitioner's] unlawful entry, intent to commit a crime, and bodily injury done to victim," and "that these elements alone were enough to satisfy the elements of burglary." (*Id.*) Thus, she correctly found that Petitioner has failed to demonstrate resulting prejudice from the alleged error of trial counsel. Petitioner does not offer any compelling argument as to how the Magistrate Judge erred in her analysis of this claim. This objection is therefore overruled.

Petitioner's remaining objections consist of nothing more than arguments that the Magistrate Judge has already considered and rejected. Thus, the Court is tasked only with review of the Magistrate Judge's conclusions for clear error. Because the Court agrees with the cogent analysis by the Magistrate Judge, it need not extensively discuss those same issues for a second time here. Therefore, the Court will overrule Petitioner's remaining objections.

## **CONCLUSION**

After a thorough review of the Report, the record, and the applicable law, the Court finds that Petitioner's objections are without merit. Accordingly, for the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein. It is therefore ORDERED that Respondent's motion for summary judgment (ECF No. 25) is GRANTED and Petitioner's § 2254 petition is DISMISSED *with prejudice*.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . .only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability. . . shall indicate which specific issue or issues satisfy the showing required in paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by this Court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S, 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F. 3d 676, 683 (4th Cir. 2011). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

March 16, 2016
Greenville, South Carolina

*****

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.